In the United States District Court for the Eastern District of Tennessee

| | |
|---|---|
| F2F Transport, LLC, ) | |
| ) | No. _____ |
| Plaintiff, ) | |
| ) | JURY DEMAND |
| v. ) | |
| ) | |
| Unity Logistics, LLC and Angel Norton, ) | |
| ) | |
| Defendants. ) | |

**Complaint for Defamation, Trade Libel, and Injunctive Relief**

F2F Transport, LLC ("F2F"), by and through counsel, and for its Complaint against Defendants Unity Logistics, LLC and Angel Norton[1], states as follows:

## I. Parties

1. F2F is and was at all times relevant herein a limited liability company duly organized and existing under the laws of the State of Tennessee with its principal office located at 1301 Riverfront Parkway, Suite 119, Chattanooga, Tennessee 37402. F2F's sole member is GuideOn Group, LLC[2]. GuideOn's members and their corresponding citizenship are as follows: Reed Lewis (Minnesota); Kyle Lewis (Minnesota); Greg Willett, Trustee, Kathleen Smith Irrevocable Trust, dated December 31, 2021 (Georgia); Greg Willett, Trustee, Stephen Andrew Smith 2021 Irrevocable Trust dated December 31, 2021 (Georgia); Wayne Brantley (Tennessee); Greg Willett, Trustee, Regina Noel Brandley 2021 Irrevocable Trust dated December 22, 2021 (Georgia); Greg Willett, Trustee, Donald Wayne Brantley, II Irrevocable

---

[1] (collectively, "Defendants")
[2] ("GuideOn")

1

Trust dated November 22, 2021 (Georgia); Shayne McCallie (Georgia); Todd Martin (Alabama); Greg Willett, Trustee, Michael L. McCallie 2021 Irrevocable Trust dated November 4, 2021 (Georgia); and Greg Willett, Trustee, Margaret P. McCallie 2021 Irrevocable Trust dated November 4, 2021 (Georgia).

2. Unity Logistics, LLC[3] is and was at all times relevant herein an entity duly organized and existing under the laws of the State of South Carolina and can be served with process through its registered agent, Stacy Warren, who is located at 200 Trade Street, Ste. B, Greer, South Carolina 29651.

3. F2F is informed and believes, and thereon alleges, that at all times relevant herein Defendant Angel Norton[4] was an employee or agent of Unity and can be served with process at 200 Trade Street, Greer, South Carolina 29650.

4. At all relevant times, Norton was an employee and/or agent of Unity and acted in the capacity of a representative of Unity. The conduct committed by Norton was done in the course and scope of her employment at Unity and with the knowledge, consent, and ratification of Unity.

## II. Venue and Jurisdiction

5. This Court has jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1332 inasmuch as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

---

[3] ("Unity")
[4] ("Norton")

2

6. This Court has jurisdiction over Defendants because Defendants intentionally committed acts against F2F that were aimed at the state of Tennessee and caused harm to F2F that Defendants knew F2F would suffer in the state of Tennessee. Defendants engaged in wrongful conduct targeted at F2F whom Defendants knew to be a resident of the state of Tennessee at the time that Defendants committed the wrongful act.

7. Venue is proper because the facts and circumstances giving rise to the claims alleged herein matter occurred within the state of Tennessee.

### III. Facts

8. F2F is a licensed motor carrier that provides interstate transportation services. As an interstate motor carrier, F2F is in the business of contracting with brokers and shippers to transport freight from one location to another.

9. Carrier411.com[5] is an online platform utilized by "brokers, shippers, factoring companies, and other qualified logistics industry professionals."[6]

10. Carrier411 offers its users the ability to publish reports regarding interstate motor carriers on its online platform.

11. On November 28, 2022, Defendants published a false report on www.carrier411.com stating that F2F improperly cancelled delivery of a load to be transported in interstate commerce.[7]

---

[5] ("Carrier411")
[6] https://www.carrier411.com/
[7] A copy of the report is attached as Exhibit A.

12. F2F demanded in writing that Defendants remove the false and unprivileged statements. To date, Defendants have refused to comply.

### IV. Count I – Defamation Against All Defendants

13. F2F re-alleges and incorporates by reference Paragraphs 1 through 12, above as if fully set forth herein.

14. Defendants willfully and intentionally published false, defamatory, and misleading statements about F2F stating that F2F was responsible for failing to pick up and deliver a load to be transported in interstate commerce.

15. On or about November 28, 2022, Norton, acting as an agent and/or officer of Unity, willfully published a report on www.carrier411.com stating that F2F was responsible for failing to pick up and deliver a load to be transported in interstate commerce.[8] The Defendants never received written confirmation of F2F's acceptance of the load because the rate confirmation sheet was never signed. Unity's rate confirmation sheet requires a signature.[9] Additionally, Defendants accused F2F's driver in the report of canceling Unity's load in order to accept a more profitable load. Such statement was false and made with willful disregard for the truth and was published to cause harm to F2F. F2F's driver had booked the subject load prior to corresponding with Unity. F2F's driver was looking for a straight through run that could conservatively be completed within the time constraints of his previously booked load. Upon learning of the pickup and delivery times, the terms of the

---

[8] See Exhibit A.
[9] See unsigned rate confirmation sheet attached as Exhibit B.

previously booked load prevented F2F or its driver from accepting the Unity load. Unity claimed F2F's driver cancelled its load, but the load could not have been cancelled since it was never accepted.

16. Defendants' statements were published and could be viewed online by Carrier 411's subscribers. Carrier 411 advertises that "more than 3,000 freight brokers and shippers rely on our platform every day for carrier selection, including 97 of the top 100 brokers based on net income."[10]

17. The statements published by Defendants were false. There was no factual basis to state that F2F engaged in the acts described in Defendants' post.

18. Unity and Norton intended for the defamatory statements to be understood as factual.

19. Unity and Norton intentionally made the defamatory statements with knowledge of their falsity, or in the alternative, with reckless disregard for their falsity. The defamatory statements published by Unity and Norton were done with the knowledge, consent, and ratification of Unity. Unity and Norton are identified as the responsible parties who published the defamatory statements about F2F on carrier411.

20. Defendants made the defamatory statements without privilege or justification.

21. Defendants intended for the defamatory statements to be understood as factual.

---

[10] https://www.carrier411.com/

5

22. The statements published by Defendants referred to F2F by name throughout, were explicitly made of and concerning F2F, and were so understood by those who read the publication.

23. In willfully publishing the defamatory statements about F2F, Defendants intended the defamatory statements to injure F2F economically by encouraging shippers and brokers to refrain from hiring F2F as a motor carrier. Defendants intentionally communicated these defamatory statements to brokers and shippers who use carrier411.com to evaluate the reputation, qualifications, and business of motor carriers, like F2F, before engaging any such motor carrier to transport freight. Defendants willfully, intentionally, and recklessly published the defamatory statements in order to damage F2F's reputation and influence brokers and shippers not to engage F2F's services.

24. The statements published by Defendants about F2F were fiction, intentionally crafted by Defendants to seem credible and cause maximum damage to F2F's reputation and business as a motor carrier.

25. As a result of Defendants' willful publication of these false and defamatory statements, shippers and brokers have refused to hire and contract with F2F. F2F has suffered damages, including but not limited to, injury to F2F's character and reputation, lost compensation, lost profits, lost business opportunities, and loss of future compensation and business opportunities.

26. Defendants willfully published the defamatory statements concerning F2F with intentional and reckless disregard of their falsity and with the specific

6

intent to injure F2F's reputation and business as a motor carrier. Defendants were provided with evidence that the statements published by Defendants were false, but refused to remove the false statements in the past.

27. Unity is vicariously liable for Norton's defamatory actions.

28. Defendants are jointly and severally liable for the defamatory statements concerning F2F.

## IV. Count II – Trade Libel Against All Defendants

29. F2F re-alleges and incorporates by reference Paragraphs 1 through 28, as if fully set forth herein.

30. The statements and reports published by Defendants concerning F2F are false and defamatory. F2F and Defendants knew the statements were false or acted in reckless disregard of the truth when they published the statements.

31. The statements published by Defendants are libelous on their face because they tend to injure F2F's business and reputation and were intentionally designed to tarnish the integrity of its business as a motor carrier.

32. Defendants knew the defamatory statements were false at the time they made them or acted in reckless disregard of the truth when they published them, with knowledge that the statements would be viewed by hundreds if not thousands of brokers and shippers who are existing or potential clients of F2F.

33. As a proximate result of the defamatory statements, F2F has suffered general and special damages, including, without limitation, lost revenue, and profits as a function of damage to F2F's business reputation, diminution in the pecuniary

7

value of F2F's good will, administrative costs in connection with F2F's efforts to counteract the negative reactions with corrective action, and other pecuniary harm in an amount to be proven at trial but not less than the jurisdictional amount.

34. Defendants willfully published the defamatory statements concerning F2F with intentional and reckless disregard of their falsity and with the intent to injure F2F's reputation and business as a motor carrier and to cause F2F to lose economic and business opportunities so as to justify an award of exemplary and punitive damages against Defendants.

35. Unity is vicariously libel for Norton's defamatory actions.

36. Defendants are jointly and severally liable for the defamatory statements concerning F2F.

### IV. Count III – Injunctive Relief Against All Defendants

37. F2F re-alleges and incorporates by reference Paragraphs 1 through 36, as if fully set forth herein.

38. As a direct and proximate cause of Defendants' ongoing wrongful acts, F2F has suffered and will continue to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill.

39. Plaintiff has no adequate remedy at law to compensate it for the continuing injuries inflicted by Defendants. F2F is entitled to temporary, preliminary, and permanent injunctive relief, including removal of the Carrier 411 post during the pendency of this lawsuit.

## Prayer For Relief

WHEREFORE, F2F prays for a judgment against Defendants, as follows:

1. That proper process issue and be served upon Defendants requiring them to appear and answer within the time period provided by law;

2. That a jury of twelve persons be empaneled for the trial of this case.

3. For general damages against the Defendants, jointly and severally, in excess of the $75,000 minimum jurisdiction of this Court to be established at trial;

4. For special damages against the Defendants, jointly and severally, in excess of the $75,000 minimum jurisdiction of this Court to be established at trial;

5. For injunctive relief prohibiting Defendants from continuing to defame F2F as complained of herein and requiring Defendants to remove each and every defamatory publication by them about F2F, from www.carrier411.com and from anywhere else they appear on the Internet or in print;

6. For punitive damages against Defendants;

7. For costs of suit and attorneys' fees incurred; and

8. For such other, further, and general relief as the Court may deem proper.

Respectfully submitted,

Patrick, Beard, Schulman & Jacoway, P.C.


By: /s/Robert W. Wheeler
R. Jonathan Guthrie, BPR #020762
Robert W. Wheeler, BPR #034485
Attorneys for F2F Transport, LLC
537 Market Street, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032
Email: jguthrie@pbsjlaw.com
rwheeler@pbsjlaw.com